# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIPPE J. SANTUCCI, | ) | CASE NO. 4:26-CV-00588 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| COMMUNITY IMMIGRATION | ) | |
| SUPPORTS, LLC., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

## Background

*Pro se* Plaintiff Phillippe Santucci has filed a civil complaint in this case against Community Immigration Supports, LLC, alleging his employment was terminated in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 (ADA). (R. 1 at 3, ¶ II.A.)  He seeks monetary relief, and that his employment record to be restored to "retired." (*Id*. at 4, 6, ¶ III.) His Statement of Claim, however, in its entirety, is that:

> Community Immigration Support purposely violated the Americans with Disabilities Act by terminating my employment. They did this by putting me in a dangerous situation, that would cause me to become injured, and having a co-worker falsely accuse me of sexual harassment. This was done to prevent me from filing an Ohio's work mans [sic] claim while tripping on a carpet while working on my job. On Sunday August 24, 2025, at 210 Hyde Street, Niles, Ohio, a loud verbal and physical clash between my patient Michael Miller and Jasmine Dukes patient [illegible] developed. It took us and a third staff worker Andrew to separate them. This was the only time I worked with 2 patients and a co-worker at the same time. I was preoccupied trying to keep Michael safe and not to get hurt. Th[ere] was not anytime for me to speak to Jasmine Dukes.

(*Id*. at 4-6, ¶ III.)

Plaintiff did not pay the filing fee, instead filing a motion to proceed *in forma pauperis*. (R. 2.). The Court grants that Motion, but for the following reasons, dismisses this action.

1

**Standard of Review and Discussion**

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all in *forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals of *pro se* complaints for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)).

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits. *See*, *e.g.*, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001). Further, to meet the basic federal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must set forth a short, plain, and concise statement of the plaintiff's claims sufficient to give the defendant fair notice of what her legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Upon review, the Court must dismiss Plaintiff's Complaint pursuant to § 1915(e)(2)(B).

To establish a prima facie case for discrimination under the ADA, a plaintiff must show 1) that he is disabled; 2) that he is otherwise qualified for his previous position, with or without reasonable accommodation; 3) that he suffered an adverse employment decision; 4) that the defendant knew or had reason to know of his disability; and 5) that he was replaced or that his position remained open while the defendant looked for other applicants. *Plant v. Morton Intern., Inc.*, 212 F.3d 929, 936 (6t Cir. 2000). A "disability" under the ADA is defined as

(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

*Id.*, citing 42 U.S.C. § 12102(2).

Although "at the pleading stage, a Plaintiff is not required to plead facts establishing the prima facie case of discrimination; [he] is required to show he was disabled or regarded as disabled and that [he] was otherwise qualified for a position." *Denoewer v. Union Cty. Indus.*, No. 2:17-CV-660, 2020 WL 1244194, at *8 (S.D. Ohio Mar. 16, 2020), quoting *Morgan v. St. Francis Hosp.*, No. 19-5162, 2019 WL 5432041, at *1 (6th Cir. Oct. 3, 2019) (internal quotation marks omitted).

Plaintiff's Complaint does not include these minimum elements. He does not allege that he is disabled within the meaning of the ADA, much less specify what his specific disability is, or whether he was otherwise qualified for his position with or without accommodation. Instead, he merely alleges, in unclear terms, that he was terminated from his employment, following a verbal and physical altercation between patients of his and a co-worker and an accusation of sexual harassment by the co-worker. These allegations are insufficient to support a plausible disability discrimination claim under the ADA. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550

3

U.S. at 555 (conclusory allegations of unlawful conduct without specific factual allegations fail to state a claim). Although Plaintiff appears to suggest his co-worker's accusation of sexual harassment and/or his termination were intended to prevent him from filing a worker's compensation claim for a work place injury, nothing in his Complaint plausibly suggests that he is disabled within the meaning of ADA or that he was unlawfully terminated due to a disability.

Further—and critical to his case—a claimant, who seeks to bring a lawsuit claiming a violation of the ADA and/or Ohio's equivalent law, Ohio Rev. Code Chapter 4112, must first exhaust administrative remedies by timely filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) or with the Ohio Civil Rights Commission (OCRC). *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). An employee may not file a disability discrimination suit under federal or state laws if he does not possess a right-to-sue letter from one of those agencies. *Id*.

Obtaining a right-to-sue letter is a condition precedent to filing a federal lawsuit under the ADA, not just a jurisdictional defect (*see id*.). There is nothing in Plaintiff's filings that suggests he has satisfied the condition precedent by filing a charge of disability discrimination with the EEOC or OCRC and obtaining a right-to-sue letter.

### Conclusion

Plaintiff's Motion to proceed *in forma pauperis,* (R. 2), is granted but his Complaint, (R.1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for the foregoing reasons. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date:  July 20, 2026

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

4